**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JEFFREY P. SULASKI, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 07-5518 (NLH) |
| v. | : | |
| PAUL SCHULTZ, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

> JEFFREY P. SULASKI, #38655-060
> F.C.I. Fairton
> P.O. Box 420
> Fairton, New Jersey  08320
> Petitioner Pro Se

**HILLMAN**, District Judge

Jeffrey P. Sulaski, a prisoner confined at the Federal Correctional Institution ("FCI") at Fairton, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his place of incarceration, together with various exhibits, a memorandum of law, declaration, and show cause motion.  This Court will summarily dismiss the Petition for lack of jurisdiction under 28 U.S.C. § 2241, without prejudice to the filing of a civil action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## I. BACKGROUND

Petitioner is serving four concurrent 97-month sentences imposed by the United States District Court for the Northern District of Ohio, based on his guilty pleas to four counts of bank robbery.  See United States v. Sulaski, Crim. Nos. 02-0012 (PCE), 02-0395 (PCE), 02-0487 (PCE), 02-0490 (PCE) (N.D. Ohio filed Jan. 9, 2002, Sept. 19, 2002, Dec. 3, 2002).  In each judgment, United States District Judge Peter C. Economus recommended that Petitioner serve his sentence at Oxford Federal Facility in Oxford, Wisconsin, and that he participate in the residential substance abuse treatment program while incarcerated. Petitioner did not appeal.

Petitioner, who is currently incarcerated at FCI Fairton, executed the § 2241 Petition presently before this Court on November 8, 2007.  The Clerk received it on November 15, 2007. The Petition presents the following grounds:

> Ground One: BUREAU OF PRISONS' OFFICIALS ARBITRARILY AND UNLAWFULLY TRANSFERRED PETITIONER FROM FCI OXFORD, WI, TO USP CANAAN, WAYMART, PA, EVEN THOUGH PETITIONER HAD 8 SECURITY POINTS WHICH QUALIFIED HIM FOR A LOW SECURITY LEVEL FACILITY.  PROGRAM STATEMENT 5100.07 VERIFIES THIS.  SEE ATTACHED MEMORANDUM OF LAW.
>
> Ground Two: BUREAU OF PRISONS' OFFICIALS ARBITRARILY AND UNLAWFULLY TRANSFERRED PETITIONER FROM USP CANAAN TO FCI FAIRTON, NEW JERSEY, EVEN THOUGH PETITIONER HAS 12 SECURITY POINTS WHICH QUALIFIED HIM FOR A LOW SECURITY LEVEL FACILITY.  FCI FAIRTON IS A MEDIUM SECURITY LEVEL FACILITY.  PROGRAM

>      STATEMENT 5100.08 VERIFIES THIS.  SEE
>      ATTACHED MEMORANDUM OF LAW.

(Pet. ¶¶ 10.a., 10.b.)

## II.  DISCUSSION

A.  <u>Jurisdiction</u>

   Section 2241 provides in relevant part:

>   (c) The writ of habeas corpus shall not
>   extend to a prisoner unless – . . . He is in
>   custody in violation of the Constitution or
>   laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

   To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); <u>see also</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 8.1 (4th ed. 2001).

   "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy

"where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

In Woodall v. Federal Bureau of Prisons, 432 F. 3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from transfer to another prison:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of

>confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community. Inmates may be eligible for weekend passes, overnight passes, or furloughs. See United States v. Hillstrom, 988 F.2d 448 (3d Cir.1993); see also United States v. Latimer, 991 F.2d 1509, 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
>Given these considerations, and the weight of authority from other circuits . . . , we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges a transfer from one federal prison to another. This Court finds that it lacks jurisdiction to entertain Petitioner's challenge under 28 U.S.C. § 2241, and will dismiss the action, without prejudice to the filing of a civil rights action of the kind authorized by Bivens, 403 U.S. 388.[1]  See Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to transfer between federal prisons).

---

[1] This Court's dismissal without prejudice should not be construed as a comment on the merits of such a claim under Bivens.

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction, without prejudice to the filing of a civil action.

                                     s/Noel L. Hillman
                                    **NOEL L. HILLMAN, U.S.D.J.**

Dated:    December 14, 2007

At Camden